IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| S.C.M., by and through her next friend, Christine A. Myles, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 1:08cv372 (JCC) |
| JOHN E. MYLES, et al., ) ) | |
| Defendants. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion to Remand and Defendant Co-Administrators' Motion to Dismiss. For the following reasons, the Court will grant Plaintiff's Motion and deny as moot Defendant's Motion.

### I. Background

Plaintiff S.C.M.[1] ("Plaintiff") is a ten-year-old minor child who has been permanently incapacitated since birth as a result of cerebral palsy and autism spectrum disorder, among other conditions.  Christine A. Myles ("Christine Myles") is Plaintiff's natural mother and the former spouse of Plaintiff's father, Gary Lee Myles ("Gary Myles").  On May 12, 2001,

---

[1] Because Plaintiff is a minor child, the Court will substitute Plaintiff's initials for her full name in accordance with Local Rule 7(C)(1)(b).

1

Christine and Gary Myles were granted a Final Decree of Divorce ("Divorce Decree") by the Circuit Court of Fairfax County, Virginia.  Paragraph 7 of the Divorce Decree required the parties to "each maintain the minor child, subject to this Order, as the irrevocable beneficiary on any life insurance policies currently insuring either of their lives for as long as they are obligated to support said child or until further order of this Court whichever first occurs."  Divorce Decree at p. 12, ¶ 7.

At the time of the Divorce Decree, Gary Myles's life was insured by the National Elevator Industry Health Benefit Plan (the "Insurance Plan") in the amount of $80,000, and Plaintiff was the beneficiary under that plan.  On November 12, 2005, Gary Myles died intestate.  Subsequent to the Divorce Decree but prior to his death, Gary Myles removed Plaintiff as the beneficiary of the Insurance Plan and replaced her with his brother, Defendant John E. Myles ("John Myles").  Following Gary Myles's death, John Myles received at least $80,000 in proceeds from the Insurance Plan.  According to Plaintiff, on several occasions since November 2005 John Myles has acknowledged that Plaintiff is entitled to the proceeds and has committed to paying her those proceeds, but has not yet done so.

On March 10, 2008, Plaintiff, by and through her next friend, Christine Myles, filed a Complaint in Fairfax County Circuit Court against John Myles in his individual capacity as

well as John Myles and Laura G. Davies ("Laura Davies") as co-administrators of Gary Myles's Estate ("Co-Administrators"). Plaintiff seeks a declaration that she alone is entitled to the proceeds of the Insurance Plan and an injunction requiring John Myles, individually, to disgorge the Insurance Plan proceeds. In the alternative, Plaintiff asks for damages from John Myles, individually, in the amount of the Insurance Plan proceeds.

On April 17, 2008, after the Co-Administrators each filed demurrers, John Myles in his individual capacity filed a Notice of Removal in this Court. The Notice of Removal stated that this Court has jurisdiction under 29 U.S.C. § 1132(e) because Plaintiff's cause of action "relates to the ownership of ERISA plan benefits." Notice of Removal, ¶ 3. The Co-Administrators' then filed a Motion to Dismiss on April 25, 2008. Plaintiff responded with a Motion to Remand on May 2, 2008. These matters are currently before the Court.

**II. Motion to Remand**

In her Motion to Remand, Plaintiff's core contention is that removal was improper because this Court lacks subject matter jurisdiction over the Complaint. Given that Plaintiff's Motion raises questions of the Court's power to hear the case, the Court will address that Motion first, and turn to the Co-Administrators' Motion to Dismiss only if it finds it has subject matter jurisdiction.

Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). Unless otherwise expressly provided by Congress, removal is proper where any civil action brought in a state court falls within the original jurisdiction of the United States district courts. *Id.* § 1441(a). Where, as here, there is no diversity of citizenship between the parties, original jurisdiction exists only if the plaintiff's claims arise under the Constitution, laws, or treaties of the United States. *Id.* § 1331; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). Whether a case arises under federal law is determined by examining the complaint according to the "well-pleaded complaint" rule. Under this rule, the Court answers the jurisdictional question by examining "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *see also Aetna*, 542 U.S. at 207 (citing with approval the well-pleaded complaint rule).

One exception to the well-pleaded complaint rule is the doctrine of complete preemption. Complete preemption occurs when a federal statute so completely displaces the state law cause of

4

action that a claim that comes within the scope of that action, even if pleaded in terms of state law, is deemed to be based on federal law. *Aetna*, 542 U.S. 207-08. In such cases, the state law claim can be removed to federal court. *Id.* at 207. The Supreme Court has held that the Employee Retirement Income Security Act of 1974 ("ERISA"), which regulates certain employee benefit plans,[2] is such a statute. *Id.* at 208. The Court has found that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. Thus, any cause of action that falls within the scope of the ERISA civil enforcement remedy, which appears at § 502(a), is converted into a federal claim for purposes of the well-pleaded complaint rule and is removable to federal court. *Id.*; (citing *Metropolitan Life Ins. Co. v. Taylor*, 481, U.S. 58, 65-66 (1987)).

        ERISA § 502(a) provides, in pertinent part:

    A civil action may be brought:
    (1) by a participant or beneficiary --
        (B) to recover benefits due to him under the terms
        of his plan, to enforce his rights under the terms
        of the plan, or to clarify his rights to future
        benefits under the terms of the plan;
    (3) by a participant, beneficiary, or fiduciary (A) to
    enjoin any act or practice which violates any provision

---

[2] Life insurance plans qualify as welfare plans, and are thus employee benefit plans, under ERISA. *Metropolitan Life Ins. Co. v. Pettit*, 164 F.3d 857, 861 (4th Cir. 1998)(citing 29 U.S.C. § 1002(1)).

>of this subchapter or the terms of the plan, or (B) to
>obtain other appropriate equitable relief (i) to
>redress such violations or (ii) to enforce any
>provisions of this title or the terms of the plan;

29 U.S.C. § 1132(a).  Plaintiff argues that her claim is not preempted because it does not fall within the scope of § 502(a).  In support of this contention, Plaintiff points to the fact that she is neither a participant nor a beneficiary under an ERISA plan, is not suing to recover benefits due under the terms of a plan, and is not bringing this action against any person responsible for administering a plan.  Instead, Plaintiff posits that she is simply suing to recover equitable rights due her under the Divorce Decree.

Defendants contend that Plaintiff's argument ignores ERISA's preemption provision, § 514(a), which provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a); *see also Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).  Defendants argue that because Plaintiff invokes "state law" and her claim "relates to" an ERISA plan, § 514(a) preempts her cause of action.

It is crucial, however, to distinguish the jurisdictional doctrine of complete preemption, which applies to any claim that falls within the scope of § 502(a), from the federal defense of ERISA preemption, which stems from § 514(a).

Courts in this jurisdiction and others have found that only the former, not the latter, is a basis for removal. *See, e.g., Lancaster v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc.*, 958 F. Supp. 1137, 1144 (E.D. Va. 1997)(Ellis, J.)(stating that only complete preemption under § 502(a) provides a basis for removal); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)(finding claims that fall within § 514(a) are not subject to complete preemption under ERISA and do not create federal subject matter jurisdiction); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995)("State law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles . . . ."); *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995)(noting that "[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted" under § 514(a) "does not establish that they are removable to federal court")(internal quotations omitted). Without reaching the question of whether the federal defense of ERISA preemption applies, the Court can say with confidence that § 514(a) does not create federal subject matter jurisdiction over this case.

The Supreme Court has remarked that the preemptive force of § 502(a) is not limited to situations where a state law cause of action precisely duplicates a § 502(a) cause of action.

*Aetna*, 542 U.S. at 216.  Nevertheless, the Court concurs with the Plaintiff's view, outlined above, that her state law claim to enforce the terms of the Divorce Decree does not fall within the scope of § 502(a).  Plaintiff is not presently a participant or a beneficiary under the Insurance Plan, and is not suing to recover benefits due under the terms of the plan itself.  Instead, she seeks to vindicate the rights granted her by the Divorce Decree.  Accordingly, the Court finds that Plaintiff's cause of action is not preempted by § 502(a) and that the Court lacks subject matter jurisdiction over the Complaint.  Lacking jurisdiction, the Court further finds that removal was improper, and will thus remand the case back to the Circuit Court of Fairfax County, Virginia.[3]

### III.  Conclusion

For these reasons, the Court will grant Plaintiff's Motion to Remand and deny as moot Defendant Co-Administrators' Motion to Dismiss.

An appropriate Order will issue.

June 2, 2008                          _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE

---

[3] Because the Court lacks jurisdiction to hear this case, it has no power to hear the Co-Administrators' Motion to Dismiss, which will be denied as moot.

8